## McGlaughlin v. Porter

*Oscar F. Spicer,* for plaintiff.
*Donald S. Marritz,* of *Legal Services, Inc.,* for defendant.

MacPHAIL, P. J., January 28, 1977 — Plaintiff obtained a judgment against defendant before a district justice of the peace. Judgment was entered by the justice of the peace on July 28, 1975. On September 21, 1976, defendant filed a praecipe for a writ of certiorari alleging that the district justice of the peace lacked jurisdiction over defendant. On

November 5, 1976, defendant filed a petition with this court requesting that the judgment be stricken for the reason that Justice of the Peace Rules 1009-1015 seem to make no provision for getting the matter before the court once the writ of certiorari has issued. Pursuant to that petition, a rule was issued upon plaintiff to which an answer was filed. Subsequently, an evidentiary hearing was held.

From the proceedings certified to this court by the district justice of the peace, it appears that service of the complaint was made upon defendant by certified mail as authorized by Pa. R.C.P.J.P. 308(3). A postal receipt is attached to the complaint showing that the mail was received by "John G. Porter, Jr." as agent for William V. Porter. Although there is a block on the postal receipt to be marked where mail is to be delivered *"only to addressee"* (emphasis from postal receipt), that block is not checked or marked in any way.

At the evidentiary hearing, the only witness was defendant. He testified that he did not receive notice that the action had been commenced against him, notice of the hearing or notice of the judgment taken against him. He said his first notice of the judgment was when he investigated the reason why his operating privileges had been suspended. He also testified that John G. Porter, Jr., was his brother but that his brother was not authorized to receive his restricted delivery mail. That testimony was received over plaintiff's objection, it being contended by plaintiff that, in view of the presumption set forth in Rule 308(3), such evidence was inadmissible. We do note that the rule provides that the presumption arises "unless the contrary is shown." Here, defendant's tes-

timony is unrebutted. On the other hand, we don't know how a plaintiff could ever rebut such testimony. However, we do not reach our decision in this case by relying upon defendant's testimony.

The language of Rule 308 is mandatory. It says: "The return receipt card for certified or registered mail *shall* be marked 'Restricted Delivery'. . . ." (Emphasis supplied.)

It is obvious that the return receipt here was not so marked. Therefore, we are compelled to find that the complaint was not served upon defendant in the manner required by the Justice of the Peace Rules. For that reason, we must conclude that the district justice of the peace did not have jurisdiction over defendant. Under the provisions of Pa. R.C.P.J.P. 1014, the judgment must be set aside without prejudice to the cause of action.

### ORDER

And now, January 28, 1977, it is ordered that the judgment in the above matter be and the same is hereby set aside without prejudice to plaintiff's cause of action.